## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

BARRINGTON MILLER,    )
    )
      Movant,    )
    )
v.    )        CR418-147-4
    )
    )
UNITED STATES OF    )
AMERICA,    )
    )
      Respondent.    )

## REPORT AND RECOMMENDATION

Barrington Miller pleaded guilty to two counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), three counts of unlawful use of a communication facility, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1), and one count of maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(1) and 856(b).  Doc. 454 at 1 (Judgment).  He was sentenced to 120 months of incarceration and a three-year term of supervised release.  *See id.* at 2-3.  He did not appeal.  *See generally* docket; *see also* doc. 690 at 1.  He filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Doc. 673.  Because the original Motion was not submitted on the required form, the Court directed him to submit an amended motion.

Doc. 674. He complied.[1] Doc. 690. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Docs. 673 & 690.

Miller's Amended Motion asserts a sole claim that his trial counsel provided ineffective assistance. *See* doc. 690 at 4. A parenthetical notation in his Motion indicates that he asserts, presumably in the alternative, that he is entitled to a writ of *coram nobis*. *Id.* The Amended Motion does not provide any details as to the ineffective assistance alleged. *Id.* His original Motion alleged that his trial counsel provided ineffective assistance in recommending a guilty plea because counsel failed to advise him of the immigration consequences of his plea. Doc. 673 at 3-4 (citing *Padilla v. Kentucky*, 559 U.S. 356 (2010)).[2]

---

[1] Although the Court advised him that the amendment would supersede the prior pleading, doc. 674 at 2, Miller's Amended Motion omits any factual allegations or substantive description of the claim he asserts, *see* doc. 690 at 4. While that omission might, in itself, be fatal, because his Motion is clearly untimely, the Court has noted the substantive allegations from his original filing below.

[2] Although it is clear, as explained below, that Miller's § 2255 motion is untimely, it also appears to be meritless. As cited below, *see infra*. n. 3, at Miller's Rule 11 hearing, the District Judge advised him of the possible immigration consequences of his guilty plea. He also told the District Judge, under oath, that he had discussed the immigration consequences of his plea with his attorney. Miller's statement to the District Judge appears to contradict his current allegation that his counsel did not discuss those possible consequences. Regardless of whether counsel might have failed to advise him of those consequences, however, the District Judge's informing him of those possible consequences precludes him from showing any prejudice from counsel's ineffective assistance. *See, e.g., Castillo v. United States*, 816 F.3d 1300, 1303 (11th

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Since Miller did not appeal his conviction, the judgment became final on August 13, 2019, when the time for filing an appeal expired. *See* doc. 454 (Judgment entered July 30, 2019); Fed. R. App. P. 4(b)(1)(A)(i); *see also, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). He, therefore, had until August 13, 2020, to file his § 2255 motion, pursuant to § 2255(f)(1). The instant Motion,

---

Cir. 2016) ("To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance."); *Valdes v. United States*, 503 F. App'x 941, 942 (11th Cir. 2013) (finding that movant could not show prejudice to support an ineffective assistance claim where "[t]he district court at the plea hearing . . . informed [movant] of the immigration consequences of his plea, yet he persisted in pleading guilty."). Since, as discussed below, it is clear that Miller's Motion is untimely, the Court need not reach any final conclusion concerning the potential merits of his ineffective assistance claim.

3

deemed filed on July 5, 2024, *see, e.g., United States v. Washington*, 243 F.3d 1299, 1301 (11th Cir. 2001), is, therefore, years out-of-time. The other subsections of § 2255(f) are not plausibly implicated.

Although Miller does not acknowledge the timeliness issue, his Motion, even if untimely, might still be viable if he could establish either that he is entitled to equitable tolling or that his claim asserts he is "actually innocent." *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act].").  It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling.  *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) ("The movant bears the burden of establishing his entitlement to equitable tolling."); *Isley v. United States*, 2011 WL 6955882, at *5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence.").  Miller does not assert, and the Court cannot discern, any argument that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (" 'actual innocence'

means factual innocence, not mere legal insufficiency."). The Court, therefore, proceeds to consider whether he has asserted any basis for equitable tolling.

In rare circumstances, the statute of limitations "can be equitably tolled where a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). As above, the Court can discern no plausible basis for an assertion that Miller is entitled to equitable tolling.

Finally, the Court must address Miller's perfunctory assertion of entitlement to a writ of *coram nobis*. *See* doc. 673 at 1; doc. 690 at 4. The Eleventh Circuit has explained that "[t]he All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*." *United States v. Adley*, 783 F. App'x 914, 915 (11th Cir. 2019) (citing *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). Such writs are "an extraordinary remedy of last resort available only in compelling

circumstances where necessary to achieve justice." *Id.* (internal quotation marks omitted) (quoting *Mills*, 221 F.3d at 1203). "A writ of *coram nobis* is appropriate only when there is and was no other available avenue of relief." *Id.* (internal quotation marks and citation omitted). Where a claim presents a cognizable § 2255 claim, a writ of *coram nobis* is not available merely because the restrictions on such relief, practically, cannot be met. *See, e.g., Lowery v. United States*, 956 F.2d 227, 228-29 (11th Cir. 1992) (quoting *United States v. Smith*, 331 U.S. 469, 476 n. 4 (1947)) ("Because of the availability of habeas review, the Supreme Court has found it 'difficult to conceive of a situation in a federal criminal case today where coram nobis relief would be necessary or appropriate." (alterations omitted)); *see also, e.g., United States v. Yadigarov*, 840 F. App'x 487, 491 (11th Cir. 2021) ("Therefore, we conclude that the district court did not abuse is discretion in denying Yadigarov's petition [for a writ of *coram nobis*] because he was permitted to seek relief under § 2255 and he did not provide sound reasons for failing to do so . . . ."); *Adley*, 783 F. App'x at 916 ("That the bar on second or successive motions . . . might preclude [movant] from raising his claim at this point does not mean that no other form of relief is or was available.").

His request for a writ *coram nobis* is also untimely.  In substance, this case is very similar to *Gonzalez v. United States*, 981 F.3d 845 (11th Cir. 2020).  Gonzalez, like Miller, "alleged that he received bad legal advice about the effect of his guilty plea on his immigration status." *Id.* at 847.  The Court explained that while, "[t]he law does not require a coram nobis petitioner to challenge his conviction at the earliest opportunity, . . . he must have sound reasons for not doing so." *Id.* at 852.  The Court affirmed the district court's dismissal of Gonzalez's coram nobis petition because he waited twenty months to file it.  *Id.* at 854.  Here, the record establishes that the Court made Miller aware of the possible immigration consequences of his plea during his Rule 11 hearing in 2019.  *See* doc. 386 at 15.[3]  Miller's plea agreement also advised him of possible immigration consequences.   Doc. 330 at 10.   It, therefore,

---

[3] The Court:  I do want you to understand that it is the Government's belief that you are not a US citizen.  If that turns out to be the case, then pleading guilty to felonies can have a negative effect on your immigration status."

By that I mean that there is a substantial likelihood that, if convicted of a felony, you will be subject to deportation proceedings; understand?
The Defendant:  Yes, ma'am.
The Court:  And is that something that you've discussed with your attorney?
The Defendant:  Yes, ma'am.  I told him I was a citizen under my mother's filing for me when I was – before I turned 18.
The Court:  I do want you to understand that there is the possibility that it turns out that you're wrong, and if you are wrong, then you may be deported, understand?
The Defendant:  Yes, ma'am.

appears that Miller was, or should have been, aware of the possible immigration consequences of his plea no later than 2019. His unexplained failure to raise the issue until years later, without any asserted reason for the delay, renders any *coram nobis* petition untimely. *See Gonzalez*, 981 F.3d at 854.

Since Miller's § 2255 Motion is untimely, and he does not establish any exception to the one-year statute of limitations, it should be **DENIED**. Docs. 673 & 690. To the extent that he requests, in the alternative, a writ of error *coram nobis*, that petition fails to establish that he is entitled to such extraordinary relief and, even if he were, his request is untimely. The request should, therefore, be **DENIED**. Docs. 673 & 690. Civil action CV424-154 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant")
(emphasis added).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and
this Court's Local Rule 72.3. Within 14 days of service, any party may
file written objections to this R&R with the Court and serve a copy on all
parties. The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge. The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 20th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA